UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------------X
KELLY MONTES and JENNIFER HELMER,
on behalf of themselves and all others similarly
situated,

                        Plaintiffs,

    -against-

SAMMY'S YE OLD CIDER MILL L.L.C.,
SAMUEL FORNARO, MARYANN FORNARO,
PHILIP FORNARO, and GINA FORNARO,

                        Defendants.
------------------------------------------------------------X

Civ. Action No:

**COMPLAINT
& JURY DEMAND**

Plaintiffs KELLY MONTES and JENNIFER HELMER (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, as class representatives, upon personal knowledge as to themselves, and upon information and belief as to all other matters, allege as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover minimum wages, misappropriated tips, and other wages for Plaintiffs and their similarly situated co-workers – all of whom worked as tipped, hourly food service workers at Defendants' restaurant located in Mendham, New Jersey.

2. Plaintiffs and the other hourly food-service workers employed by Defendants were not paid, and are owed, minimum wages for all of the hours they worked for Defendants.

3. Specifically, Defendants illegally (i) failed to pay Plaintiffs and the other hourly food-service workers the full minimum wage for <u>all</u> hours worked – Defendants were not lawfully allowed to take advantage of the FLSA's tip-credit provision because they (a) failed to inform Plaintiffs and the other hourly food-service workers of the statutory requirements related

to the tip credit, <u>and</u> (b) did not allow Plaintiffs' and the other hourly food service workers' to keep all tips received[1], (ii) maintained and enforced a policy requiring Plaintiffs and the other hourly food-service workers to perform a substantial amount of non-tipped "side work", in excess of the 20% threshold set by the Department of Labor, without paying them the full minimum wage for said non-tipped "side work", and (iii) retained portions of Plaintiffs' and the other hourly food service workers' tips.

4. Plaintiffs bring this action on behalf of themselves and similarly situated current and former tipped, hourly food service workers who elect to opt-in to this action pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"), and specifically the collective action provisions of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiffs and other similarly situated employees of their lawfully earned wages.

5. Plaintiffs also bring this action on behalf of themselves and all similarly situated current and former tipped, hourly food service workers pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56(a) *et seq.* ("NJWHL"), N.J.A.C. § 12:56-8.4(b), and the New Jersey Wage Payment Law, N.J.S.A § 34:11-4.1 *et seq.* ("NJWPL").

### JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367. This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

---

[1] *See Reich v. Chez Robert, Inc.*, 28 F.3d 401, 403 (3rd Cir., 1994)(citing 29 U.S.C. §203(m)).

2

7. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

8. Plaintiff Kelly Montes ("Montes") is an adult individual who resides in Morris County in the State of New Jersey.

9. Montes is currently employed by Defendants as a Food Server, starting in or around February, 2017.

10. Montes is a covered employee within the meaning of the FLSA and the NJWHL.

11. Plaintiff Jennifer Helmer ("Helmer") is an adult individual who resides in Morris County in the State of New Jersey.

12. Helmer is currently employed by Defendants as a Food Server, starting in or around September, 2014.

13. Helmer is a covered employee within the meaning of the FLSA and the NJWHL.

14. Defendant SAMMY'S YE OLD CIDER MILL L.L.C. ("Sammy's") is a New Jersey Limited Liability Company with its principal place of business at 353 Mendham Road West in Mendham, New Jersey.

15. Defendant SAM FORNARO is an individual who at all times relevant herein, owned, operated and/or controlled the day to day operations and management of Defendant Sammy's.

16. Defendant MARYANN FORNARO is an individual who at all times relevant herein, owned, operated and/or controlled the day to day operations and management of Defendant Sammy's.

17. Defendant PHILIP FORNARO is an individual who at all times relevant herein, owned, operated and/or controlled the day to day operations and management of Defendant Sammy's.

18. Defendant GINA FORNARO is an individual who at all times relevant herein, owned, operated and/or controlled the day to day operations and management of Defendant Sammy's.

19. Defendants Sammy's, SAM FORNARO, MARYANN FORNARO, PHILIP FORNARO, and GINA FORNARO jointly employed Plaintiffs.

20. Defendants Sammy's, SAM FORNARO, MARYANN FORNARO, PHILIP FORNARO, and GINA FORNARO are herein collectively referred to as "Defendants".

21. Defendants grossed more than $500,000.00 in revenue in each of the last four calendar years.

22. At all times relevant hereto, the activities of the Defendants jointly and separately constituted an "enterprise" within the meaning of § 3(r) & (s) of the FLSA, 29 U.S.C. § 203 (r) & (s).

23. At all times relevant hereto, Defendants employed employees, including Plaintiffs, and each member of the FLSA Collective and the Rule 23 Class, who regularly were employed by Defendants' enterprise engaged in commerce or the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of § 3(b), (g), (i), (j) (r) and (s)(A)(i) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r), & (s)(A)(i).

24. At all times relevant hereto, Defendants have been, and continue to be, an "enterprise engaged in commerce or in the production of goods for commerce," within the meaning of 29 U.S.C. § 203 and 29 U.S.C. § 207(a)(1).

25. At all times relevant hereto, each of the Defendants has been, and continues to be, an "employer" as defined by 29 U.S.C. § 203(D) and by the NJWHL and NJWPL.

26. At all times relevant hereto, Defendants have employed "employee[s]", including Plaintiffs and each member of the FLSA Collective and the Rule 23 Class.

## COLLECTIVE ACTION ALLEGATIONS

27. Plaintiffs bring the First Cause of Action, FLSA claims, on behalf of themselves and all similarly situated persons who have worked for Defendants as tipped, hourly food service workers at Sammy's Steakhouse – also known as Sammy's Ye Old Cider Mill - in Mendham, New Jersey, who elect to opt-in to this action (the "FLSA Collective").

28. Consistent with the Defendants' policy and pattern or practice, Plaintiffs and the FLSA Collective were not paid proper minimum wages for all hours they worked.

29. As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

   a. Willfully failing to pay their employees, including Plaintiffs and the FLSA Collective, the full minimum wage for (i) all hours worked, and (ii) for all "side work" when Plaintiffs and the FLSA Collective spend more than 20% of their time performing non-tipped duties.

5

    b. Willfully failing to notify their employees, including Plaintiffs and the FLSA Collective, of their rights under the FLSA.

    c. Willfully misappropriating tips and/or service charges from their employees, including Plaintiffs and the FLSA Collective, by retaining for themselves portions of the tips and gratuities paid by customers that were intended for and earned by employees, including Plaintiffs and the FLSA Collective.

32. Defendants' unlawful conduct, as described in this Class Action Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by failing to pay Plaintiffs and the FLSA Collective the minimum wage rates required by law, and by misappropriating portions of tips and gratuities earned by Plaintiffs and the FLSA Collective.

33. Defendants are aware or should have been aware that federal law required them to pay their employees lawful minimum wages for all of the hours they worked.

34. Defendants are aware or should have been aware that federal law prohibited them from misappropriating tips and gratuities belonging to their employees.

35. Plaintiffs and the FLSA Collective are similarly situated in their job descriptions, duties, and compensation and perform, or performed, the same primary duties.

36. Defendants' unlawful conduct has been widespread, repeated, and consistent.

## CLASS ACTION ALLEGATIONS

37. Plaintiffs bring the Second and Third Causes of Action, NJWHL and NJWPL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of:

> All persons who work or have worked for Defendants as tipped, hourly food service workers and similar employees at Sammy's Steakhouse – also known as Sammy's Ye Old Cider Mill - in Mendham, New Jersey, between June 15, 2012 and the date of final judgment in this matter (the "Rule 23 Class").

6

38. Excluded from the Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants, the Judge(s) to whom this case is assigned and any member of the Judge's immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

39. The members of the Rule 23 Class are so numerous that joinder of all members is impracticable.

40. Upon information and belief, the size of the Rule 23 Class is at least 40 individuals. Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

41. Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

42. Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

   a. Whether Defendants violated N.J.S.A. § 34:11-56(a), and the supporting New Jersey State Department of Labor regulations, including but not limited to N.J.A.C. § 12:56-8.4(b), and N.J.S.A §. 34:11-4.4;

   b. Whether Defendants failed to pay Plaintiffs and the Rule 23 Class lawful minimum wages for all of the hours worked;

    c. Whether Defendants misappropriated, and illegally retained, tips, gratuities and service charges that were intended for, and earned by Plaintiffs and the Rule 23 Class;

    d. Whether Defendants failed to keep true and accurate time records, pay records and gratuities records for all hours/shifts worked by Plaintiffs and the Rule 23 Class, and other records required by the NJWHL;

    e. Whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of law; and

    f. The nature and extent of class-wide injury and the measure of damages for those injuries.

43. The claims of the Plaintiffs are typical of the claims of the Rule 23 Class they seek to represent. Plaintiffs and all of the Rule 23 Class members work, or have worked, for the Defendants as tipped, hourly food service workers at Sammy's Steakhouse – also known as Sammy's Ye Old Cider Mill - in Mendham, New Jersey. Plaintiffs and the Rule 23 Class members enjoy the same statutory rights under the NJWHL. Plaintiffs and the Rule 23 Class members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.

45. Plaintiffs will fairly and adequately represent and protect the interests of the members of the Rule 23 Class. Plaintiffs understand that as class representatives, they assume a fiduciary responsibility to the class to represent its interests fairly and adequately. Plaintiffs recognize that as class representatives, they must represent and consider the interests of the Rule 23 Class just as they would represent and consider their own interests. Plaintiffs understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not

favor their own interests over the Rule 23 Class. Plaintiffs recognize that any resolution of a class action must be in the best interest of the Rule 23 Class. Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between Plaintiffs and the Rule 23 members.

46. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violations of the NJWHL and the NJWPL, as well as their common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual Plaintiffs often lack the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments.

47. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## PLAINTIFFS' FACTUAL ALLEGATIONS

### HOURS OF WORK & PAYRATES

48. Plaintiffs', the FLSA Collective's, and members of the Rule 23 Class', hours of work – as tipped, hourly food service workers employed by Defendants – varied depending on the day of the week.

49. On days that they were assigned to work, Plaintiffs, the FLSA Collective, and members of the Rule 23 Class usually worked a single shift which started typically between 3:00 PM and 4:30 PM.

50. Plaintiffs', the FLSA Collective's, and members of the Rule 23 Class' shifts typically lasted until 10 or 11 PM, although on Saturday nights the shifts sometimes lasted as late as 11:30 PM, or later.

51. Plaintiffs, the FLSA Collective, and members of the Rule 23 Class usually worked two (2) to five (5) shifts per week.

52. At all times relevant hereto, Defendants compensated Plaintiffs, the FLSA Collective, and the members of the Rule 23 Class, at a rate of $2.50 per hour.

## MINIMUM WAGE & TIP VIOLATIONS

53. Instead of paying Plaintiffs, the FLSA Collective and the members of the Rule 23 Class the minimum wage of $7.25 per hour – or the New Jersey minimum wage of between $8.25 to $8.60 per hour - Defendants only paid them $2.50 per hour.

54. Defendants did not inform Plaintiffs, the FLSA Collective or the members of the Rule 23 Class, of the tipped minimum wage or tip credit provisions of the FLSA, 29 U.S.C. 203(m).

55. As such, Defendants were not eligible for, and could not have taken advantage of, the tip credit provision of the FLSA. Plaintiffs, the FLSA Collective, and the members of the Rule 23 Class are therefore entitled to the full minimum wage for all of the hours they worked for Defendants.

56. In addition, at all relevant times hereto, Defendants and their management, unlawfully retained for themselves portions of the tips and gratuities - which were the property

of Plaintiffs, the FLSA Collective, and members of the Rule 23 Class - and used portions of the tips and gratuities to pay themselves and/or other non-tipped employees' salaries.

57.  Specifically, Defendant MARYANN FORNARO illegally participated in, and illegally retained for herself, tips and gratuities which were intended for the tipped, hourly food service workers and which were the property of Plaintiffs, the FLSA Collective, and members of the Rule 23 Class.

58.  Defendants failed to allow Plaintiffs, the FLSA Collective and the members of the Rule 23 Class to retain all of the tips and gratuities they earned. This failure is another basis for Plaintiffs, the FLSA Collective, and the members of the Rule 23 Class to be entitled to the full minimum wage for all of the hours they worked for Defendants.

## "SIDE WORK" MINIMUM WAGE VIOLATIONS

59.  In a blatant and illegal attempt to save themselves hundreds of dollars a week, Defendants maintained and enforced a company-wide policy mandating Plaintiffs, the FLSA Collective and members of the Rule 23 Class to perform a substantial amount of non-tipped "side work" – which work was far in excess of twenty percent (20%) of their time at work on a daily and weekly basis – without paying them the full minimum wage of $7.25 (or the New Jersey minimum wage of between $8.25 to $8.60) per hour - for this time - in violation of the law.

60.  Instead of hiring sufficient cleaning and kitchen staff – because they would have had to have been paid at the full minimum wage rate of $7.25 (or the New Jersey minimum wage of between $8.25 to $8.60) per hour –Defendants assigned its tipped employees, who were always paid at the tip credit rate of $2.50 per hour, to perform many hours of non-tipped "side work", including cleaning and kitchen staff work, as set forth below.

61. Plaintiffs, the FLSA Collective and members of the Rule 23 Class often spent at least two hours per shift – approximately 25% to 40%, or more, of their time at work - performing non-tipped "side work".

62. This non-tipped "side work" included but was not limited to the following tasks:

(i) **Pre-Shift Side Work** – which included restocking desserts, taking out desserts from the service bar cooler, cleaning blinds and the surrounding wood work, wiping off wine lists and after dinner drink lists, restocking butter, taking out butter and setting up the return butter can, filling the mint jelly dishes and restocking the large jelly jar, filling grating cheese containers, clearing dinner tables, filling water pitchers, backing-up the desk person answering phones, checking place settings at each table to ensure that (i) the tablecloth is clean, (ii) the chairs are clean, (iii) the napkins are upright, (iv) all place settings are complete, (v) the utensils are aligned properly, and (vi) the chairs are in front of each place, restocking water glasses, putting linen on top of the side station, vacuuming stairs, emptying the ice chest, and wiping out and getting ice.

(ii) **End of Shift Side Work** – which included returning desserts to the service bar cooler, putting dessert serving utensils in the kitchen, wrapping the rice pudding, emptying water pitchers and putting them in the kitchen, bringing rubber mats to the kitchen to be washed, washing coffee pots and wiping down the coffee maker and the coffee filter holder, checking the ice cream inventory, emptying salt and pepper shakers and sugar caddies and washing them, putting away the mint jelly, putting away butter,

emptying grating cheese containers, removing flowers and wiping down vases, returning flowers to the meat locker, wiping out milk/cream containers and putting them in the freezer, refilling and wiping down salt and pepper shakers, wiping down tables, sweeping, and checking each place settings to ensure that (i) the tablecloth is clean, (ii) the chairs are clean, (iii) the napkins are upright, (iv) all place settings are complete, (v) the utensils are aligned properly, and (vi) the chairs are in front of each place;

(iii) **General Cleaning** – which involved cleaning the blinds, wiping the wood paneling, sweeping floors, cleaning up spills, including broken glass and glassware, and vacuuming;

(iv) **Miscellaneous Work** – which involved answering phones before, during and after dinner, wiping off guest check books, menus, and the desk, folding napkins, bibs and to-go bags.

63. During the many hours spent doing the above various types of non-tipped "side work" – which often was for well over two hours per shift and thus far in excess of the maximum 20% of their hours worked (on a per day or per work-week basis) allowable by the Department of Labor - Defendants compensated Plaintiffs, the FLSA Collective and members of the Rule 23 Class at $2.50 per hour rather than at the full hourly minimum wage rate required by 29 U.S.C. § 201, *et seq*. and the NJWHL.

64. Plaintiffs, the FLSA Collective, and members of the Rule 23 Class were required to regularly show up for their assigned shifts and work for a <u>minimum</u> of 1.5 hours doing non-tipped "side work" before being assigned a table and starting to do tipped work.

65. At the end of their shifts as well, Plaintiffs, the FLSA Collective, and members of the Rule 23 Class would be required to do non-tipped "side work", often for thirty minutes or longer, after concluding their tipped work.

66. Thus, despite working two hours, or more, of non-tipped "side work" per shift, Defendants routinely refused to pay Plaintiffs, the FLSA Collective, and members of the Rule 23 Class at the full minimum wage rate for this time, in violation of the law.

67. On many other occasions, including when the restaurant was having a slow day and Defendants did not need all of the staff they scheduled, Defendants had Plaintiffs, the FLSA Collective and members of the Rule 23 Class perform non-tipped "side work" for one or two hours, before sending them home after having done only one hour or so of tipped work.

## RECORDS VIOLATIONS

68. Defendants did not keep accurate records, as required by law, of wages and/or tips earned by Plaintiffs, the FLSA Collective and the Rule 23 Class.

## WILLFULNESS

69. Defendants knew of, and/or showed reckless disregard for, the practices by which Plaintiffs and other similarly situated employees of Defendants were not paid proper minimum wages for all hours they worked for Defendants.

70. Defendants knew that the nonpayment of proper minimum wages would economically injure Plaintiffs, the FLSA Collective and the Rule 23 Class, and that they violated the FLSA and the NYLL.

71. Defendants knew that their practice(s) of unlawfully retaining for themselves portions of the tips and gratuities was illegal – in or around 2010 Defendants were informed that owners/management could not take portions of tips and gratuities but after stopping for

approximately six (6) months they resumed doing so - and that these practices violated the FLSA and NJWHL and the NJWPL.

72. Defendants committed the foregoing acts knowingly, intentionally and willfully against the Plaintiffs, the FLSA Collective and the Rule 23 Class.

## FIRST CLAIM FOR RELIEF

### Fair Labor Standards Act– Minimum Wages & Tips
### (Brought on behalf of Plaintiffs and the FLSA Collective)

73. Plaintiffs reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

74. At all times relevant, Plaintiffs and the members of the FLSA Collective are or have been employees within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

75. Plaintiffs consent in writing to be parties to this action under 29 U.S.C. § 216(b). See Exhibit "A" attached hereto.

76. At all times relevant, Defendants have been employers of Plaintiffs and the members of the FLSA Collective, engaged in commerce and/or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

77. Defendants failed to pay Plaintiffs and the members of the FLSA Collective the minimum wages to which they are entitled under the FLSA.

78. Defendants regularly required Plaintiffs and the FLSA Collective to perform a substantial amount of non-tipped "side work" in excess of twenty percent (20%) of their time at work. During these periods, Defendants compensated Plaintiffs and the FLSA Collective at the tipped minimum wage rate rather than the full hourly minimum wage rate required by 29 U.S.C. § 201, *et. seq.*

79. The FLSA allows an employer to count tips received by an employee as wages ("tip credit allowance") in certain circumstances. The employer must pay at least $2.13 per hour in direct wages and if an employee's tips plus the direct hourly wage do not equal at least the minimum wage of $7.25 per hour, the employer must make up the difference in direct wages.

80. Under the FLSA, in order for an employer to claim the tip credit, the employer must (a) inform the employee regarding the tip credit allowance, (b) be able to show that the employee receives at least $7.25 per hour when direct wages and tips are added together, and (c) allow the employee to retain all tips. The FLSA allows for a tip pooling arrangement, however, only among those employees who customarily and regularly receive tips and only those tips in excess of the tip credit may be included in the pool. Inasmuch as "tips are the property of the employee", the FLSA forbids employers, management or other ineligible employees from retaining or receiving any portion of the tips. Where an employer, management or an ineligible employee receives any part of the tips, no tip credit is allowed and the employer must pay the employee the full minimum wage per hour in direct wages and allow the employee to retain all of his or her tips.

81. Defendants were not eligible to avail themselves of the tip credit allowance under the FLSA, 29 U.S.C. § 203(m), because Defendants (i) failed to inform Plaintiffs and the FLSA Collective of the provisions of subsection 203(m) of the FLSA, (ii) did not allow Plaintiffs and the FLSA Collective to retain all of the tips they earned and (iii) themselves retained, and/or distributed to individuals who do not "customarily and regularly" receive tips, a portion of Plaintiffs' and the FLSA Collective's tips.

82. Defendants did not inform Plaintiffs and the members of the FLSA Collective of the provisions of subsection 203(m) of the FLSA, 29 U.S.C. § 203(m).

83. Plaintiffs seek damages in the amount of their respective unpaid wages, misappropriated tips, liquidated damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### New Jersey Wage and Hour Law – Minimum Wages & Tips
### (Brought on behalf of Plaintiffs and the Members of the Rule 23 Class)

84. Plaintiffs reallege and incorporate by reference all previous paragraphs as if set forth fully herein.

85. Defendants failed to pay Plaintiffs and the members of the Rule 23 Class the minimum hourly wages to which they are entitled under the New Jersey Wage & Hour Law, N.J.S.A. § 34:11-56(a) *et seq.* ("NJWHL").

86. Defendants have engaged in a widespread pattern, policy, and practice of violating the NJWHL, as detailed in this Class Action Complaint.

87. At all times relevant to this action, Plaintiffs and the members of the Rule 23 Class have been "employees" of Defendants, and Defendants have been "employers" of Plaintiffs and the members of the Rule 23 Class within the meaning of the NJWHL, N.J.S.A. §34:11-56(a)(1).

88. As a direct consequence of Defendants' violations of the NJ Law, Plaintiffs suffered and continue to suffer substantial injury.

89. Plaintiffs and the members of the Rule 23 Class seek damages in the amount of their respective unpaid wages, misappropriated tips, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
### New Jersey Wage Payment Law – Withholding Violations
### (Brought on behalf of Plaintiffs and the Rule 23 Class)

90. Plaintiffs reallege and incorporate by reference all previous paragraphs as if they were set forth fully herein.

91. Defendants illegally misappropriated, withheld, and diverted Plaintiffs' and the members of the Rule 23 Class' tips in violation of the NJWPL, N.J.S.A. 34:11-4.4.

92. Due to the Defendants' violations of the NJWPL, Plaintiffs and the members of the Rule 23 Class are entitled to recover damages in the amount of unpaid wages, reasonable attorneys' fees and costs of this action, and pre-judgment and post-judgment interest.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray for relief as follows:

(a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA, the NJWHL, and the NJWPL;

(b) Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(c) Designation of this action as a Collective Action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(d) Designation of the Named Plaintiffs as the Representatives of the FLSA Collective Plaintiffs and as the Class Representatives of the Rule 23 Class and their counsel as Class Counsel;

(e) An award of unpaid wages, misappropriated tips, and other damages due under the FLSA, the NJWHL, and the NJWPL;

(f) An award of liquidated damages as a result of Defendants' failure to pay minimum wages pursuant to 29 U.S.C. § 216;

(g) Costs and expenses of this action, together with reasonable attorneys' fees;

(h) Pre-Judgment and post-judgment interest, as provided by law; and

(i) Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury of all issues.

DATED: June 15, 2018                              Respectfully submitted,

s/ David Harrison
HARRISON, HARRISON & ASSOC., LTD
David Harrison, Esq.
110 State Highway 35, 2nd Floor
Red Bank, NJ 07701
Telephone: 888-239-4410
nycotlaw@gmail.com

Green Savits, LLC
Glen Savits, Esq.
25B Vreeland Road
Florham Park, NJ 07932
Telephone: (973) 695-7777
gsavits@greensavits.com
*Attorneys for Plaintiffs, proposed FLSA Collective members, and proposed Rule 23 Class members*
