# Harrison, Harrison & Associates, Ltd.

110 HIGHWAY 35, 2ND Floor
RED BANK, NJ, 07701
DIRECT DIAL (888) 239-4410
FAX (718) 799-9171
nycotlaw@gmail.com

February 21, 2019

**VIA ECF**

Honorable Joseph A. Dickson, U.S.M.J.
United States District Court
District of New Jersey
50 Walnut St.
Newark, NJ 07102

> Re:    *Montes & Helmer v. Sammy's Ye Old Cider Mill, LLC, et al.*
>           2:18-cv-11795-JAD

Dear Judge Dickson:

Please accept this letter as a joint request by the Parties in the above-referenced action for Court approval of the attached Settlement Agreement ("Agreement") which has been executed by the Parties, and determine the terms of the settlement to be final, fair, reasonable, adequate, and binding.

## **Procedural History and Claims**

Plaintiffs, Kelly Montes and Jennifer Helmer, who were servers at Defendant Sammy's Ye Old Cider Mill, LLC ("Sammy's" or the "Restaurant"), filed the instant action on behalf of themselves and all others similarly situated on June 15, 2018.  Defendants Sammy's, Samuel Fornaro, Maryann Fornaro, Philip Fornaro and Gina Fornaro (collectively "Defendants") filed an Answer on July 25, 2018.  Plaintiffs claimed violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, The New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56a. *et seq.*, and the New Jersey Wage Payment Law, N.J.S.A. § 34:11-4.1, *et seq.*  More specifically, Plaintiffs claimed that Defendants violated the tip pooling and tip credit requirements under the FLSA and that they were therefore entitled to full minimum wages and liquidated damages.  Defendants denied that they were in violation of the tip pooling and tip credit requirements or any other legal obligation.  During the course of the litigation, 22 additional servers opted-in to the action (hereinafter, Plaintiffs and all opt-ins shall be referred to collectively as "Plaintiffs").[1]  Prior to scheduling discovery, the Parties agreed to mediate the matter and this Court ordered the Parties to mediation before Hon. Francis J. Orlando, Jr. (ret.).  The Parties exchanged written discovery

---

[1] As part of this settlement, the Parties agreed to include two additional servers, making 26 the total number of servers settling with Defendants in this action.

informally in order to facilitate the mediation and attended mediation on January 14, 2019. After approximately 10 hours, the parties achieved a settlement.

## Settlement Terms

With the assistance of Judge Orlando, this case settled for a total of $190,000.00 (the "Settlement Amount"). As the Agreement was reached prior to any motion to certify a class and/or collective action, the settlement was reached with all 26 Plaintiffs individually. The terms of the Agreement provide that in exchange for releases from Plaintiffs, Defendants will pay Plaintiffs a total of $119,700.00 according to a formula based on the number of hours each Plaintiff worked during a three-year period. Each Plaintiff is to receive half of their respective amounts as back wages and half as liquidated damages. In addition, Plaintiff Montes is to receive a service award of $4,000.00, Plaintiff Helmer is to receive a service award of $2,000.00 and four other opt-ins are to receive $500 each as a service award for participating in the mediation. Plaintiffs' counsel are to receive a total of $62,300 for fees and costs. The reimbursement of disbursements amount to $2970.00, leaving a total fee of $59,300. Said amount totals 31.2 percent of the total settlement.

## Approval of the Settlement Agreement

Because this action concerns the FLSA, court approval of the settlement may be necessary even though the matter has not been certified as a class or collective action. *Rabbenou v. Dayan Foods, Ltd*., No. 17-1330, 2017 WL 3315263, at *1 (D.N.J. Aug. 3, 2017), citing *Lynn's Food Stores, Inc. v. U.S.*, 679 F 2d 1350, 1353 (11th Cir. 1982) ("When employees bring a private action under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness"); *Bettger v. Crossmark, Inc.*, No. 13-2030, 2015 WL 279754, at *3 (M.D. Pa. Jan. 22,2015) ("Although the Third Circuit has not addressed whether [FLSA] actions claiming unpaid wages may be settled privately without first obtaining court approval, district courts within the Third Circuit have followed the majority position and assumed that judicial approval is necessary."). In reviewing settlement agreements, courts determine whether: "(i) the settlement concerns a bona fide dispute; (ii) the settlement is fair and reasonable to the Plaintiff-employee" *Id.*

First there is a bona fide dispute that is resolved by the agreement. Plaintiffs maintained, *inter alia*, that they were entitled to full minimum wages and that Defendants were not permitted to take a tip credit because certain owners/managers improperly shared in a tip pool and because Defendants required Plaintiffs to do an impermissible amount of side work. Defendants dispute this and maintained that the Defendants in question should not be considered "employers" pursuant to the FLSA, but to the extent that they were, they were permitted to share in the tip pool when they were doing tipped work. They further maintain that the amount of side work required of the servers was permissible under the law.

Second, the Agreement is fair and reasonable to the Plaintiffs/employees. The Agreement reflects a compromise between Plaintiffs and Defendants. While Plaintiffs could have possibly received more money had they proceeded to and won at trial, Plaintiffs agreed to the Settlement Amount, because, in addition to receiving their money much sooner, and not having to wait months or years, Plaintiffs did not wish to take the risk that they may lose at trial.

Plaintiffs also wished to forego the hassle <u>and</u> expense of proceeding through discovery, conferences, depositions, and trial. They also did not want to take time off for depositions, conferences, and trial. The Settlement Amount therefore represents a fair and equitable compromise that allows Plaintiffs and all of the parties to proceed with their personal and work lives without the disruptions, inconveniences, and risks inherent in litigation.

In light of the above, the Parties respectfully request that this Court approve the Settlement Agreement and that the Court discontinue this case with prejudice.

We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ David Harrison_____
David Harrison, Esq.


cc: All Counsel of Record (VIA ECF)

# EXHIBIT "1"

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made as of this ___ day of February, 2019 by and between Kelly Montes, Jennifer Helmer, Matthew Bromley, Jaime Cattano, Stacy Ciccone, Michelle C. Cirotti, Taylor Lynn Coughlin, Tania Melissa Garcia-Morar, Kathleen Gerrity, Jacinta A. Joyce, Dominika Klausova, Camee Lee, Courtney Ursula Lee, Kevin William MacDonald, Emerson A. Maradiaga, Josephine McKenna, Peter Miu, Brooke Newman, Austin Pidoto, Joanne Pidoto, Melida Sanchez Garcia, Lisa Segelman, Laura Selleck, David Vasconcellos, Lauren Barnes and Talia Segelman (collectively "Plaintiffs" and each individually a "Plaintiff"), and defendants Sammy's Ye Old Cider Mill, LLC (the "Restaurant"), Samuel Fornaro, MaryAnn Fornaro, Gina Formaro and Philip Fornaro (collectively "Defendants").  Plaintiffs and Defendants are the parties (the "Parties") to this Agreement.

WHEREAS, Plaintiffs were formerly or are currently employed by the Restaurant as food servers;

WHEREAS, on June 15, 2018, Kelly Montes and Jennifer Helmer (the "Named Plaintiffs") commenced a putative class and collective action in the District of New Jersey, entitled Kelly Montes, et al. v. Sammy's Ye Old Cider Mill, LLC, et al., No. 2:18-cv-10684-MCA-JAD (the "Litigation"), in which the Named Plaintiffs alleged that Defendants violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA"), the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL") and the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 et seq. ("NJWPL");

WHEREAS, Matthew Bromley, Jaime Cattano, Stacy Ciccone, Michelle C. Cirotti, Taylor Lynn Coughlin, Tania Melissa Garcia-Morar, Kathleen Gerrity, Jacinta A. Joyce, Dominika Klausova, Camee Lee, Courtney Ursula Lee, Kevin William MacDonald, Emerson A. Maradiaga, Josephine McKenna, Peter Miu, Brooke Newman, Austin Pidoto, Joanne Pidoto, Melida Sanchez Garcia, Lisa Segelman, Laura Selleck, David Vasconcellos, all filed consents in writing with the Court

4827-2141-2742.v2<br>4843-6425-1271.v2

to "opt-in" to the putative collective action pursuant to 29 U.S.C. § 216(b), but the Litigation was settled prior to any motion to certify the matter as a class or collective action;

WHEREAS, Lauren Barnes and Talia Segelman did not file consents in writing with the Court to "opt-in" to the putative collection action pursuant to 29 U.S.C. § 216(b), but have agreed to become bound to and abide by the terms of the Agreement, and are therefore included in any reference to "Plaintiffs" or "Plaintiff";

WHEREAS, on January 14, 2019, the Parties mediated the claims at issue in the Litigation before Retired Judge Francis J. Orlando, Jr., A.J.S.C., at which time the Parties agreed to settle the claims in the Litigation;

WHEREAS, the Parties have negotiated in good faith and at arms-length to reach a settlement acceptable to the Parties which constitutes a reasonable compromise of Plaintiffs' claims and Defendants' defenses;

WHEREAS, other than the claims referenced in the Litigation, the Plaintiffs are not aware of any claims and/or causes of action against Defendants;

WHEREAS, Defendants deny any wrongdoing or liability of any kind whatsoever; and

WHEREAS, the Parties are desirous of settling the disputes with respect to all of the claims asserted by Plaintiffs in the Litigation or otherwise.

NOW, THEREFORE, in consideration of the mutual promises and covenants contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby agreed as follows:

1.    PAYMENT.    In consideration for the commitments made by Plaintiffs in this Agreement, Defendants shall pay the total sum of ONE HUNDRED AND NINETY THOUSAND DOLLARS ($190,000) (the "Settlement Sum") in full and final settlement of any and all claims,

4827-2141-2742.v2
4843-6425-1271.v2

inclusive of counsel fees and costs, alleged or which could have been alleged by the Plaintiffs against any of the Releasees (as defined in Paragraph 4 hereof) in the Litigation or otherwise.

(a)     Defendants shall pay to each Plaintiff the amounts detailed in Schedule A hereto, within three (3) days of Court approval and following receipt of a fully executed Agreement from all Plaintiffs, and an executed W-9 from each Plaintiff and their counsel, Green Savits, LLC. On behalf of Defendants, counsel for Defendants shall deliver checks for the Settlement Sum as follows:

(i)     The Restaurant shall pay each Plaintiff unpaid wages as detailed in Schedule A hereto, less normal and appropriate withholdings (the "Unpaid Wage Amount"). The Restaurant will issue an IRS Form W-2 for payment of Plaintiff's Unpaid Wage Amount.

(ii)    The Restaurant shall pay each Plaintiff interest and/or liquidated damages as detailed in Schedule A hereto (the "Interest/Liquidated Damages Amount"). The Restaurant will not withhold taxes from the Interest/Liquidated Damages Amount and will issue an IRS Form 1099-MISC (with the proceeds noted in Box 3 for Other income) for each Plaintiff's Interest/Liquidated Damages Amount.

(iii)   To the extent any Plaintiff is entitled to a "service award" as detailed in Schedule A hereto, the Restaurant will not withhold taxes from the service award amount and will issue an IRS Form 1099-MISC (with the proceeds noted in Box 3 for Other income) for any Plaintiff's service award, if applicable.

(iv)    The amounts described in Sections 1(a)(i) through 1(a)(iii) above shall be sent to Plaintiffs' attorneys, Green Savits, LLC. Each individual Plaintiff shall only be entitled to the amounts attributed to him or her in Schedule A hereto.

(b)     In addition to the gross amounts detailed in Schedule A hereto, Defendants shall pay the combined sum of sixty-two thousand and three hundred dollars ($62,300.00) to satisfy

3

all Plaintiffs' claims for attorneys' fees and costs (the "Attorneys' Fees Amount"), which payment shall be made simultaneously with the gross payments to Plaintiffs by check made payable to "Green Savits, LLC." Defendants will issue an IRS Form 1099 to Green Savits, LLC.

(c)    **_Tax Indemnification._** Plaintiffs understand and agree that they will be solely responsible for paying any federal, state and local taxes which may be due from each of them upon receipt of his or her portion of the Settlement Sum. Plaintiffs hereby agree to indemnify and hold harmless from and against any claims for taxes associated with the settlement payments and from and against any and all liability, interest or penalties, if any, that Defendants may incur arising from the settlement payments. Plaintiffs further agree that they shall indemnify and hold harmless Defendants for any and all costs and expenses, including but not limited to, reasonable attorneys' fees, arising from any inquiry, investigation or audit by the IRS or any other taxing authority if that inquiry, investigation or audit was the result of actions or inaction by Plaintiffs. Defendants agree to notify Plaintiffs' counsel should they be contacted by the IRS in regard to this payment as soon as reasonably possible. Plaintiffs acknowledge that they have each had the opportunity to receive and, to the extent desired, have received, independent professional advice from his or her own tax advisor(s) with respect to the tax consequences of entering into this Agreement and receipt of their portion of the Settlement Sum. Plaintiffs further acknowledge that no Releasee has provided any Plaintiff with guidance or advice regarding such tax consequences. The Parties expressly agree that all taxes related to the payment of Attorneys' Fees Payment will be the responsibility of Plaintiffs' counsel.

2.    <u>LIMITED CONFIDENTIALITY</u>. The Plaintiffs agree not to make or publish any statements to the press or to the media, or on any public forum or social media outlet, regarding the substance or negotiation of this Agreement. Plaintiffs' attorneys agree not to make any statements to the

4

press or to the media, or on any public forum (such as any law firm website) or social media outlet, regarding the substance or negotiation of this Agreement. For the avoidance of doubt, the terms of this Paragraph 2 shall not prohibit Plaintiffs or their attorneys from making any statements or filing any documents necessary to obtain the Court's approval of this agreement.  In the event that any of the Parties are asked about their legal differences, it is agreed that the Parties shall respond that "the matter was amicably resolved", or words to that effect.

3.  DISMISSAL OF COMPLAINT.  This Agreement is expressly conditioned upon approval of this Agreement from the United States District Court for the District of New Jersey and the dismissal with prejudice of the Complaint filed in this Litigation. Within five (5) days of the approval of this Agreement by the Court, counsel for the Parties shall execute and file a Stipulation of Dismissal With Prejudice and Without Costs in the form annexed hereto as Exhibit "A".

(a)  Should the Court not approve the settlement, the Parties agree that they will have forfeited no rights and will revert to the stance of litigation as it existed as of the date immediately prior to the execution of this Agreement, and the Parties shall proceed in all respects as if the Agreement had not been executed.

(b)  Plaintiffs agree to the dismissal of the Litigation with prejudice, subject only to Defendants' satisfaction of all their obligations under this Agreement, and the Court shall retain jurisdiction over the Litigation pending the fulfillment of the Parties' obligations under this Agreement.

4.  MUTUAL NON-DISPARAGEMENT.  Plaintiffs hereby agree that they shall not make, authorize or condone any statements at any time, whether oral, written or electronic, including but not limited to any social or professional networking site or blog, that disparage, defame or denigrate any of the Defendants or the services that Defendants provide.  Defendants agree that they shall not make, authorize or condone any statements at any time, whether oral, written or electronic, including but not

5

limited to any social or professional networking site or blog, that disparage, defame or denigrate Plaintiffs, individually or as a group. The Parties agree that this is a material and essential part of this Agreement, and any breach of this provision shall be considered a material breach of this Agreement.

5.    NEUTRAL REFERENCE.    Defendants agree to provide neutral employment references for Plaintiffs. Plaintiffs shall refer any requests for employment references by potential employers to Gina Fornaro. Defendants agree that in response to any employment inquiries or reference requests, they shall state only the dates of any Plaintiffs' employment and position held.

6.    PLAINTIFFS' RELEASE OF RELEASEES.    In consideration for the benefits, payments, and promises provided for pursuant to this Agreement, each Plaintiff, for himself or herself and his or her personal representatives, agents, heirs and assigns, hereby releases each Defendant and their current and former officers, directors, agents, servants, employees, shareholders, members, representatives, assigns, insurers, subsidiaries, affiliates and successors (hereinafter "Releasees") of and from any and all claims, debts, losses, demands, obligations, liabilities, causes of action, charges, grievances, complaints or suits of any type or nature which relate to the manner/method of or amount of the payment of his or her compensation by the Restaurant, including, but not limited to, claims for unpaid wages, overtime, spread of hours, bonuses, tip allowances, travel time, gratuities or other compensation under any federal, state or local law, including, but not limited to, the Fair Labor Standards Act, 29 U.S.C. Section 201, et seq., the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL") and the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 et seq. ("NJWPL"), any other claims for compensation alleged in the Complaint or which could have been alleged including, without limitation, all claims for restitution or other equitable relief, liquidated damages, compensatory damages, punitive damages, wages, penalties, other compensation or benefits, claims on account of unpaid wages, overtime and/or other compensation, attorneys' fees and costs, and any claims for

6

retaliation arising under the FLSA, the NJWHL and NJWPL or any other federal, state or local law relating to the manner, method or amount of payment to workers, whether known or unknown, from the beginning of the world through the date of Plaintiffs' execution of this Agreement

7. <u>COVENANT NOT TO SUE.</u> Each Plaintiff further represents that, as of the date of his or her execution of this Agreement, there are no complaints, charges or other matters filed by him or her or pending before any federal, state or local courts or agencies other than the Litigation and that, in the future, he or she will not file or cause to be filed any action or complaint against any Releasee arising out the allegations raised or related to those set forth in the Complaint or any claims that were alleged or could have been alleged in the Complaint and which occurred prior to his or her execution of this Agreement. Nothing contained in this Release shall restrict any Plaintiff's right to participate in an investigation, hearing or proceeding before the EEOC or any other governmental agency or department, except that each Plaintiff agrees that he or she will not accept any further recovery, award and/or damages from the Releasees as a result of any such investigation, hearing or proceeding.

8. <u>WAGES AND LIQUIDATED DAMAGES FULLY PAID.</u> Each Plaintiff specifically acknowledges and agrees that his or her respective portion of the Settlement Sum set forth in Schedule A fully compensates him or her for all wages and liquidated damages due and owing to him or her under the Fair Labor Standards Act, the New Jersey Wage and Hour Law, New Jersey Wage Payment Law, or any other federal, state or local wage and hour law.

9. <u>NON-ADMISSION OF LIABILITY</u>. This Agreement is not intended to be and shall not be construed as an admission of any civil liability or a violation of any legal or contractual duty by Defendants or their present or former officers, directors, agents, servants or employees. Defendants expressly deny any wrongdoing or violation of any legal or contractual duty or other obligation in connection with the employment of any of the Plaintiffs, any injuries sustained by any of the Plaintiffs

4827-2141-2742.v2
4843-6425-1271.v2

during their employment with the Restaurant, the terms and conditions of their employment and/or the termination of their employment, or any other matter relative to the relationship between any Plaintiff and Defendants.

10.    <u>NO RIGHT TO RE-EMPLOYMENT FOR FORMER EMPLOYEES</u>.    To the extent any of the Plaintiffs are no longer employed by the Restaurant as of the date of this Agreement, those Plaintiffs hereby acknowledge that their employment with the Restaurant has been irrevocably concluded and that they will not reapply for employment hereafter.    Plaintiffs who are no longer employed by the Restaurant as of the date of this Agreement and former employees Kelly Montes and Jaime Cattano expressly waive any retaliation claims relating to the separation of their employment with the Restaurant, whether arising under the Fair Labor Standards Act (29 U.S.C. Section 201, et seq.) the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a <u>et seq.</u> ("NJWHL") or the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 <u>et seq.</u> ("NJWPL") or any other basis.

11.    <u>DISMISSAL OF MATTHEW GAUDIO</u>.    While Matthew Gaudio, a former employee of the Restaurant, purported to opt-in to this Litigation, Gaudio's term of employment is outside the applicable statute of limitations.  Accordingly, the Parties hereby agree and acknowledge that Gaudio is not entitled to receive any payment under this Agreement.

12.    <u>NO ASSIGNMENT OF CLAIMS</u>.  Each Plaintiff hereby represents and warrants that, as of the date hereof, he or she has not and will not assign or transfer any of the claims released herein.

13.    <u>OPPORTUNITY TO CONSULT COUNSEL</u>. The Parties acknowledge that they have consulted with independent, competent counsel with regard to this Agreement and the subject matter hereof.  Plaintiffs' counsel further represents that he has explained the terms and conditions of

4827-2141-2742.v2
4843-6425-1271.v2

this Agreement to each Plaintiff, and each Plaintiff fully understands his or her rights and obligations under this Agreement.

14.    ENTIRE AGREEMENT. This Agreement contains the entire understanding between the Parties and supersedes any prior understanding or agreement between the Parties with respect to the subject matter of this Agreement.  There are no representations, agreements, arrangements or understandings, either oral or written, between the Parties hereto relating to the subject matter of this Agreement that are not fully expressed herein.  Any amendments to this Agreement must be in writing and signed by each of the Parties hereto.

15.    GOVERNING LAW/JURISDICTION AND VENUE.  This Agreement and all claims arising out of or relating to this Agreement shall be governed by and construed in accordance with the laws of the State of New Jersey, without giving effect to its conflict of laws provisions.  Any and all disputes, claims or lawsuits relating to or arising out of this Agreement shall be brought in the United States District Court for the District of New Jersey.  The Parties agree to submit to the jurisdiction of such court and waive any rights to claim *forum non conveniens* and any other defense to the laying of venue in such court.  If the Parties institute an action to enforce the terms of this Agreement, the prevailing party shall be entitled to seek an award of reasonable attorneys' fees and costs.

16.    BINDING EFFECT/VALIDITY.  This Agreement shall be binding upon and inure to the benefit of the Parties, their successors and assigns.

17.    COUNTERPARTS. This Agreement may be executed in several counterparts, each of which shall constitute the agreement between the Parties as if all signatures were appended to the original instrument. The Parties acknowledge that there is no need for all Parties to execute the same copy of this Agreement.  Signatures on this Agreement or on any counterpart of this Agreement,

9

transmitted by facsimile machine or electronic mail in .pdf format, shall have the same force and effect as original signatures.    Any signature page signed by electronic signature via DocuSign® for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page signed via DocuSign®.

18.    WAIVERS. The failure of a party to insist upon strict adherence to any term of this Agreement on any occasion shall not be considered a waiver thereof nor deprive that party of the right thereafter to insist upon strict adherence to that term or any other term of this Agreement.

19.    SEVERABILITY.    Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity and enforceability of the remaining parts, terms or provisions shall not be effected thereby and said illegal, unenforceable, or invalid term, part or provision shall be deemed not to be part of this Agreement.

20.    HEADINGS AND SYNTAX. The headings set forth in this Agreement are for convenience and reference only and are not intended to modify, limit or describe in any way the content, scope or intent of this Agreement.  All references made and pronouns used shall be construed in the singular or the plural and in such gender as common sense and circumstances require.

21.    NOTICE. All notices under this Agreement must be in writing and personally served or delivered via certified mail, return receipt requested, or delivered by email and regular mail simultaneously, to the following addresses:

Notices to Plaintiffs:        Glen D. Savits, Esq.
                             Green Savits LLC
                             25B Vreeland Road
                             Suite 207
                             Florham Park, New Jersey 07932
                             gsavits@greensavits.com

10

Notices to Defendants:     Margaret Wood, Esq.
Chiesa Shahinian & Giantomasi PC
1 Boland Drive
West Orange, New Jersey 07052
mwood@csglaw.com

22. <u>INTERPRETATION</u>. The Parties agree and acknowledge that the usual rules of construction to the effect that ambiguities in a document are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement and that the Agreement shall be construed as if all the Parties jointly prepared it.

23. <u>COSTS AND EXPENSES</u>. Each Party shall bears its own costs, expenses, claims to interest and attorneys' fees in connection with the negotiation, execution and delivery of this Agreement.

24. <u>KNOWING AND VOLUNTARY AGREEMENT</u>. Each Plaintiff agrees and affirms that:

(a)     He or she has carefully read and fully understands all of the provisions of this Agreement;

(b)     He or she was advised and hereby is advised to consider carefully the terms of this Agreement and to consult with an attorney prior to executing this Agreement, and has considered the terms of this Agreement and consulted with an attorney prior to executing it;

(c)     He or she has been given twenty-one (21) days to consider his or her rights and obligations under this Agreement and to consult with an attorney before executing it;

(d)     He or she is legally bound by the terms of this Agreement, and by signing it, he or she understands that he or she is giving up certain rights.

(e)     He or she has signed this Agreement freely and voluntarily, without duress, coercion or undue influence and with full and free understanding of its terms; and

11

(f)    He or she has reviewed the terms of this Agreement and agrees that the payments provided for in this Agreement are accurate.

IN WITNESS THEREOF, the Parties hereto, intending to be legally bound hereby, have executed this Agreement.

2/11/2019

_____
KELLY MONTES

2/12/2019

_____
JENNIFER HELMER

2/11/2019

_____
JAIME CATTANO


_____
TANIA MELISSA GARCIA-MORAR

2/11/2019

_____
EMERSON A. MARADIAGA

2/12/2019

_____
PETER MIU

2/11/2019

_____
COURTNEY URSULA LEE

2/12/2019

_____
KATHLEEN GERRITY

2/11/2019

_____
JOANNE PIDOTO

2/13/2019

_____
AUSTIN PIDOTO

12

4827-2141-2742.v2
4843-6425-1271.v2

(f)    He or she has reviewed the terms of this Agreement and agrees that the payments provided for in this Agreement are accurate.

IN WITNESS THEREOF, the Parties hereto, intending to be legally bound hereby, have executed this Agreement.

_____
KELLY MONTES


_____
JENNIFER HELMER


_____
JAIME CATTANO

*Tania M. Garcia-Moran*                    2/12/2019
D5A1FDB188964B7...
_____
TANIA MELISSA GARCIA-MORAN


_____
EMERSON A. MARADIAGA


_____
PETER MIU


_____
COURTNEY URSULA LEE


_____
KATHLEEN GERRITY


_____
JOANNE PIDOTO


_____
AUSTIN PIDOTO

12

DocuSigned by:

_____    2/12/2019

1E08896F199F4E2...

**CAMEE LEE**

DocuSigned by:

_____    2/11/2019

91480AF9F4C847A...

**TAYLOR LYNN COUGHLIN**

DocuSigned by:

_____    2/12/2019

A6A770C45D6C4A4...

**DOMINIKA KLAUSOVA**

DocuSigned by:

_____    2/13/2019

0E762004779740E...

**DAVID VASCONCELLOS**

DocuSigned by:

_____    2/13/2019

8726A907CFF84B4...

**MELIDA SANCHEZ GARCIA**


_____

**LAURA ANN SELLECK**


_____

**JACINTA A. JOYCE**


_____

**STACY CICCONE**


_____

**LISA SEGELMAN**


_____

**JOSEPHINE MCKENNA**


_____

**BROOKE NEWMAN**


13

_____

CAMEE LEE

_____

TAYLOR LYNN COUGHLIN

_____

DOMINIKA KLAUSOVA

_____

DAVID VASCONCELLOS

_____

MELIDA SANCHEZ GARCIA

_____                2/14/2019
43D4589E07864F4...

LAURA ANN SELLECK

_____                2/11/2019
A76E14D3104F432...

JACINTA A. JOYCE

_____                2/11/2019
3C87EF55FB5B476...

STACY CICCONE

_____                2/12/2019
5EFBDDD7C5D04C7...

LISA SEGELMAN

_____                2/13/2019
EEE05D55E3E0417...

JOSEPHINE MCKENNA

_____                2/11/2019
08C4D38DF6874F4...

BROOKE NEWMAN

13

4827-2141-2742.v2
4843-6425-1271.v2

_____    2/11/2019

MATTHEW BROMLEY

_____    2/11/2019

MICHELLE CIROTTI

_____    2/11/2019

KEVIN MACDONALD

_____    2/11/2019

LAUREN BARNES


_____

TALIA SEGELMAN


_____

SAMUEL FORNARO


_____

PHILIP FORNARO


_____

GINA FORNARO


_____

MARYANN FORNARO


SAMMY'S YE OLD CIDER MILL, LLC.


By: _____
        SAMUEL FORNARO, Owner

14

DocuSign Envelope ID: 466C6242-B54E-416D-99B3-38C752B428FD

_____

MATTHEW BROMLEY


_____

MICHELLE CIROTTI


_____

KEVIN MACDONALD


_____

LAUREN BARNES

*Talia Segelman*          2/12/2019
58EE1FBB1D1C46B...
_____

TALIA SEGELMAN


_____

SAMUEL FORNARO


_____

PHILIP FORNARO


_____

GINA FORNARO


_____

MARYANN FORNARO


SAMMY'S YE OLD CIDER MILL, LLC.


By: _____
      SAMUEL FORNARO, Owner

14

_____

MATTHEW BROMLEY


_____

MICHELLE CIROTTI


_____

KEVIN MACDONALD


_____

LAUREN BARNES


_____

TALIA SEGELMAN


_____

SAMUEL FORNARO


_____

PHILIP FORNARO


_____

GINA FORNARO


_____

MARYANN FORNARO


SAMMY'S YE OLD CIDER MILL, LLC.


By:_____
   SAMUEL FORNARO, Owner

14

4827-2141-2742.v2
4843-6425-1271.v2

## SCHEDULE A

| Plaintiff Name | Unpaid Wage Amount | Liquidated Damages Amount | Service Award |
|---|---|---|---|
| Kelly Montes | $1,883.49 | $1,883.50 | $4,000.00 |
| Jennifer Helmer | $5,654.07 | $5,654.07 | $2,000.00 |
| Jaime Cattano | $2,972.63 | $2,972.64 | n/a |
| Tania Melissa Garcia-Morar | $924.51 | $924.51 | n/a |
| Emerson A. Maradiaga | $3,267.37 | $3,267.38 | $500.00 |
| Peter Miu | $458.65 | $458.65 | n/a |
| Courtney Ursula Lee | $2,144.76 | $2,144.76 | n/a |
| Kathleen Gerrity | $2,717.38 | $2,717.38 | n/a |
| Joanne Pidoto | $8,371.43 | $8,371.43 | $500.00 |
| Austin Pidoto | $3,441.42 | $3,441.42 | n/a |
| Camee Lee | $2,280.87 | $2,280.87 | n/a |
| Taylor Lynn Coughlin | $1,155.45 | $1,155.46 | n/a |
| Dominika Klausova | $1,069.61 | $1,069.62 | n/a |
| David Vasconcellos | $2,826.99 | $2,827.00 | $500.00 |
| Melida Sanchez Garcia | $954.73 | $954.73 | n/a |
| Laura Selleck | $6,033.09 | $6,033.09 | n/a |
| Jacinta A. Joyce | $1,517.13 | $1,517.14 | n/a |
| Stacy Ciccone | $1,487.38 | $1,487.38 | n/a |
| Lisa Segelman | $345.80 | $345.81 | n/a |
| Josephine McKenna | $2,150.62 | $2,150.62 | n/a |

15

4827-2141-2742.v2
4843-6425-1271.v2

| | | | |
|---|---|---|---|
| Brooke Newman | $2,015.97 | $2,015.98 | n/a |
| Matthew Bromley | $747.74 | $747.75 | n/a |
| Michelle Cirotti | $793.29 | $793.29 | n/a |
| Kevin MacDonald | $3,752.92 | $3,752.92 | $500.00 |
| Lauren Barnes | $808.30 | $808.30 | n/a |
| Talia Segelman | $74.34 | $74.34 | n/a |

16

4827-2141-2742.v2
4843-6425-1271.v2

**EXHIBIT A**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KELLY MONTES and JENNIFER HELMER, on behalf of themselves and all others similarly situated<br><br>                    Plaintiffs,<br><br>    v.<br><br>SAMMY'S YE OLD CIDER MILL L.L.C., SAMUEL FORNARO, MARYANN FORNARO, PHILIP FORNARO and GINA FORNARO<br><br>                    Defendants. | No. 2:18-CV-10684<br><br>**STIPULATION OF VOLUNTARY DISMISSAL WITH PREJUDICE AND WITHOUT COSTS** |

IT IS HEREBY STIPULATED and agreed, by and between the undersigned attorneys for the parties, that Plaintiffs' Complaint and any and all claims that were or could have been asserted in this action are hereby dismissed in their entirety, with prejudice, and with each party to bear its own costs, expenses, disbursements, and attorneys' fees.  The court retains jurisdiction for the purpose of enforcing the settlement agreement

Dated:  February ___, 2019

---

Margaret Wood
Chiesa Shahinian & Giantomasi PC
One Boland Drive
West Orange, New Jersey 07052
*Attorneys for Defendants*

---

Glen D. Savits, Esq.
GREEN SAVITS, LLC
25B Vreeland Road
Suite 207
Florham Park, New Jersey 07932
*Attorneys for Plaintiffs*

17

4827-2141-2742.v2
4843-6425-1271.v2