**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KELLY MONTES and JENNIFER HELMER et al., <br><br> Plaintiffs, <br><br> v. <br><br> SAMMY'S YE OLD CIDER MILL LLC et al., <br><br> Defendants. | Civil Action No.: 18-10684 (JAD) <br><br><br> **ORDER** |

**JOSEPH A. DICKSON, U.S.M.J.**

This matter comes before the Court by way of the parties' joint application for approval of the final Settlement Agreement. (ECF No. 40). Having carefully considered the parties' submissions, and for good cause shown; and

**WHEREAS** Plaintiffs Kelly Montes and Jennifer Helmer ("Plaintiffs"), former servers at Defendant Sammy's Ye Old Cider Mill, LLC ("Defendant"), filed this action on behalf of themselves and all others similarly situated alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., the New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56a, et seq., and the New Jersey Wage Payment Law, N.J.S.A. § 34:11-4.1, et seq. (See Compl., ECF No. 1); and

**WHEREAS**, with the assistance of the Court-appointed mediator, Hon. Francis J. Orlando, Jr., (Ret.), the parties entered into a Settlement Agreement with twenty-six (26) plaintiffs

individually.[1]  (ECF No. 40); and

**WHEREAS**, on February 21, 2019, the parties filed a joint application for Court approval of the Settlement Agreement.  (Id.); and

**WHEREAS**, "when employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."  Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982).  Although it appears that the United States Court of Appeals for the Third Circuit has not yet addressed whether such approval is required, "'district courts within the Third Circuit have followed the majority position and assumed that judicial approval is necessary'" for settlements in FLSA cases involving claims for unpaid wages.  Rabbenou v. Dayan Foods, Ltd., No. 17-1330 (ES), 2017 WL 3315263, at *1 (D.N.J. Aug. 3, 2017) (quoting Bettger v. Crossmark, Inc., No. 13-2030, 2015 WL 279754, at *3 (M.D. Pa. Jan. 22, 2015)).  This includes claims settled on an individual, rather than a collective, basis.  See Rabbenou, 22017 WL 3315263, at *1; Morales v. PepsiCo, Inc., No. 11-6275 (AET), 2012 WL 870752, at *1 (D.N.J. Mar. 12, 2012).  "A court should approve a settlement agreement if it is fair and resolves a bona fide dispute."  Castaldo v. McLoone's Asbury Park, LLC, No. 14-5741 (WJM), 2015 U.S. Dist. LEXIS 67644, at *2-3 (D.N.J. May 26, 2015); accord Rabbenou, 2017 WL 3315263, at *1; Morales, 2012 WL 870752, at *1.  Moreover, "[w]hen analyzing a settlement agreement, a court must be mindful of the strong public policy in favor of settlements."  Castaldo, 2015 U.S. Dist. LEXIS 67644, at *3 (citing Farris v. JC Penny Co., 176 F.3d 706, 711 (3d Cir. 1999)); and

**WHEREAS**, first, the Court concludes that the Settlement Agreement resolves a bona fide

---

[1] The Settlement Agreement was reached prior to any motion to certify a class or collective action. (ECF No. 40).

dispute. The parties disagree, among other things, whether Plaintiffs were entitled to full minimum wages and whether Defendants impermissibly took advantage of the tip-pooling and tip-credit provisions under FLSA. Consequently, the parties undertook settlement to avoid the risk of loss at trial; and

**WHEREAS**, second, the Court concludes that the Settlement Agreement is fair and reasonable and reflects good faith negotiations between the parties. The amount that each Plaintiff will receive is calculated based on the number of hours each Plaintiff worked during a three-year period. Each Plaintiff will receive half of their respective amount as back wages and half as liquidated damages. In exchange, Plaintiffs have agreed to dismiss their Complaint with prejudice; and

**WHEREAS**, based on the foregoing reasons, the Court will approve the Settlement Agreement;

**IT IS** on this 6th day of March 2019;

**ORDERED** that the parties' joint application to approve the Settlement Agreement, (ECF No. 40), is **GRANTED**; and it is further

**ORDERED** that this case is hereby **DISMISSED with prejudice**.

　　　　　　　　　　　　　　　　　　　　　　　　／s／ Joseph A. Dickson
　　　　　　　　　　　　　　　　　　　　　　　　JOSEPH A. DICKSON, U.S.M.J.